UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL NORWOOD,<br>　　Petitioner, | :<br>:<br>: |
| v. | : Case No. 3:17cv1636(MPS) |
| D.K. WILLIAMS,<br>　　Respondent. | :<br>:<br>: |

**ORDER**

　　The petitioner, Michael Norwood, is incarcerated at the Federal Correctional Institution in Danbury, Connecticut. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging an order of restitution issued by a district judge in the United States District Court for the District of New Jersey as part of Norwood's criminal sentence.

　　On January 10, 1997, a jury found the petitioner guilty of bank robbery, armed bank robbery, carjacking and two counts of use of a firearm in relation to a crime of violence. *See United States v. Norwood*, Case No. 96cr232(JBS) (D.N.J. 1996) (ECF No. 99, Jury Verdict).[1] On January 13, 1997, a jury found the petitioner guilty of one count of possession of a firearm by an armed career criminal. *See id.* (ECF No. 102, Jury Verdict). On May 30, 1997, a judge sentenced the petitioner to a term of life plus twenty-five years, followed by five years of supervised release and ordered the petitioner to pay $19,562.87 in restitution and a special assessment of $300.00. *See id.*, (ECF No. 110, Judgment). On February 10, 1998, the Court of

---

[1] *See* United States District Court for the District of New Jersey, CM/ECF System, available at http://www.pacer.gov (the online national index providing public access to court electronic records).

Appeals for the Third Circuit affirmed the conviction and sentence. *See United States v. Norwood*, 142 F.3d 430 (3rd Cir. 1998)(unpublished opinion).

On March 30, 2012, the Court of Appeals for the Third Circuit vacated the district court's denial of the petitioner's motion to correct illegal sentence under 28 U.S.C. § 2255 and remanded the case to the trial court for further proceedings with regard to the petitioner's double jeopardy claim. *See United States v. Norwood*, 472 F. App'x 113, 118, 120 (3rd Cir. March 30, 2012). On July 31, 2012, the district court dismissed count one of the indictment, resentenced the petitioner to 627 months of imprisonment and noted that all other conditions of the prior judgment would remain in effect. *See Norwood v. United States*, Case No. 1:10cv6744(JEI) (D.N.J. 2010) (ECF No. 16, Order Dismissing Count 1 of Indictment). Thus, the 627-month term of imprisonment was to be followed by five years of supervised release and the petitioner was required to pay $19,562.87 in restitution and a special assessment of $250.00. *See United States v. Norwood*, Case No. 96cr232(JBS) (D.N.J. 1996) (ECF No. 171, Amended Judgment).

On June 18, 2013, a district judge resentenced the petitioner to a total effective sentence of 500 months of imprisonment followed by three years of supervised release and ordered the petitioner to pay $19,562.87 in restitution and a special assessment of $250.00. *See id.*, ((ECF No. 171, Amended Judgment). On May 13, 2014, the Court of Appeals for the Third Circuit affirmed the amended judgment of conviction, including the order of restitution. *See United States v. Norwood*, 566 F. App'x 123, 128-29 (3rd Cir. 2014). On October 6, 2014, the United States Supreme Court denied the petition for writ of certiorari. *See Norwood v. United States*, ___ U.S. ___, 135 S. Ct. 344 (2014).

The petitioner challenges the lien placed on his inmate trust fund account by the Bureau

2

of Prisons to collect the balance of the restitution owed by him. The petitioner contends that the order of restitution should be terminated because more than twenty years has passed since his initial sentencing. He seeks an order directing the Bureau of Prisons to remove the lien on his prisoner account balance in the amount of $6,031.40 and an order directing a district judge to amend his judgment of conviction to terminate the order of restitution.

In *Kaminski v. United States,* 339 F.3d 84 (2d Cir. 2003), the Second Circuit held that challenges solely to restitution are not properly brought under § 2255 because such challenges do not seek relief in the form of a release from custody. *Id.* at 86–89. Thus, the petitioner's challenge to the order of restitution is properly filed under 28 U.S.C. § 2241.

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–495 (1973). Venue is appropriate only in the district in which the petitioner is confined for a "core" petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging his or her present physical confinement. *Rumsfeld v. Padilla,* 542 U.S. 426, 446–47 (2004) ("the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent ... because ... [b]y definition, the immediate custodian and the prisoner reside in the same district."). The rule that the proper venue for a challenge to present physical custody lies only in the district of confinement is based on the requirement that the court issuing the writ have jurisdiction over the entity capable of effecting the relief sought in the petition; in the context of a challenge to physical custody, that entity is the petitioner's custodian. *See, e.g., Braden,* 410 U.S. at 495 ("The important fact to be observed in regard to the

3

mode of procedure upon [a writ of habeas corpus], that it is directed to, and served upon ... [the] jailer ... compelling the oppressor to release [the petitioner's] constraint").

The "immediate physical custodian rule" does not apply when a habeas petitioner challenges something other than his present physical confinement. *See Padilla,* 542 U.S. at 438 (discussing instances in which a petitioner may name as respondent an entity other than immediate physical custodian under section 2241). Thus, when a petitioner does not seek release from custody, venue may *not* be appropriate in the district of confinement. *See Braden*, 410 U.S. at 500 (discussing application of traditional venue considerations in the context of a section 2241 petition challenging interstate detainer); *Padilla,* 542 U.S. at 438 (noting that a district court in a location other than the district of confinement may consider a petition under 2241 where petition does not challenge immediate physical confinement).

In *Braden,* the Supreme Court articulated several factors to be considered in determining whether venue is proper in a habeas suit. Those factors include: (1) "where all of the material events took place"; (2) where "the records and witnesses pertinent to petitioner's claim are likely to be found"; and (3) the convenience of the forum for both the respondent and the petitioner. 410 U.S. at 493–494. The court has authority to transfer a case to another district court pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a case on a motion by either party or *sua sponte* on its own motion. *See Lead Industries Ass'n, Inc. v. Occupational Safety and Health Admin.,* 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("the broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*"); *Smith v. City of New*

4

*York,* 950 F, Supp. 55, 59 (E.D.N.Y. 1996) (noting that Section 1404(a) "allows a court to order transfer of an action *sua sponte*"); *see also United States ex rel. Meadows v. State of New York*, 426 F.2d 1176, 1183 n. 9 (2d Cir. 1970) ("Since habeas corpus proceedings are civil in nature, they are subsumed under the phrase 'any civil action' [in 28 U.S.C. § 1404(a)].").

According to the docket of the petitioner's criminal case in the District of New Jersey, on June 23, 2016, the government moved to authorize payment of $6,031.40 from the petitioner's inmate account towards the $19,562.87 order of restitution. *See United States v. Norwood*, Case No. 96cr232(JBS) (D.N.J. 1996) (ECF No. 211, Mot. Authorize Payment from Trust Fund). In response, the petitioner has filed an objection to the motion and his own motion to authorize the removal of the lien on his inmate account balance. *See id.*, (ECF Nos. 213-215). The government has filed a reply to the petitioner's objection and motion to remove the lien. *See id.*, (ECF No. 217). On August 6, 2016, a district judge issued an order that the case be reopened to determine the government's motion to authorize payment from the petitioner's inmate account towards the restitution order and the petitioner's motion to authorize the removal of the lien from his trust fund account. The court has not yet ruled on either motion.

In view of the motions pending in the petitioner's criminal case, the fact that the petitioner seeks an order that the district court amend his judgment of conviction and in consideration of each of the three venue factors discussed in *Braden,* the court concludes that the District of Connecticut is not the appropriate venue for this action. *See Braden,* 410 U.S. at 500 (stating that traditional venue considerations apply when immediate physical custodian rule does not and noting authority of district courts to transfer habeas cases to the most convenient venue); *Gardner v. Williamson*, No. 3:07CV1788, 2008 WL 1752229, at *4 (M.D. Pa. Apr. 14, 2008)

5

(adopting recommendation that section 2241 petition challenging Bureau of Prisons determination of amount and schedule of payments towards order of restitution be transferred to district court in which petitioner had been sentenced) (citing *Verissimo v. INS,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); *Wilkins v. Erickson,* 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records."). In the interests of justice and because the District of New Jersey provides the more convenient and appropriate forum for the resolution of petitioner's claims, the court deems it appropriate to exercise its authority to transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

## Conclusion

For the reasons stated above, the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [**ECF No. 1**] is **TRANSFERRED** to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Any appeal from this order would not be taken in good faith, and in any event this order is not appealable. *Chapple v. Herinsky*, 961 F.2d 372, 374 (2d Cir. 1992).

SO ORDERED at Hartford, Connecticut this ___9th____ day of ____January__, 2018.

_____/s/_____
Michael P. Shea
United States District Judge