**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL NORWOOD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>D.K. WILLIAMS,<br><br>　　　　Respondent. | Civil Action No. 18-874 (RBK)<br><br><br>**OPINION AND ORDER** |

　　　　Before the Court are Petitioner's response to the Order to Show Cause as to why this matter should not be dismissed for substantially the same reasons set forth in the Court's earlier Opinion, in Petitioner's criminal case, (Crim. No. 96-232, ECF Nos. 234, 235), and Petitioner's motion for reconsideration. (ECF Nos. 22, 23).

　　　　In an earlier Order, the Court stayed this matter pending the resolution of restitution related motions in Petitioner's criminal case, Crim. No. 96-232.  Petitioner raised identical restitution related claims in both his criminal case and the instant matter.

　　　　Petitioner does not contest the Order to Show Cause, and accordingly, the Court will deny the Petition for substantially the same reasons set forth in its earlier Opinion.  (Crim. No. 96-232, ECF Nos. 234, 235).

　　　　As for Petitioner's motion for reconsideration, the Court will grant in part that motion. Petitioner seeks to amend his original Petition and then transfer the matter to his district of confinement.  By way of background, Petitioner sought to amend his Petition to add claims that challenge his sentence, for the first time in this matter.  He contended that this Court improperly sentenced him under the Armed Career Criminal Act, in light of recent Supreme Court cases. Petitioner alleged that he could bring such claims through the savings clause and 28 U.S.C. § 2241

Generally, under § 2241, a prisoner challenging his confinement must file his petition in his district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "Under the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians 'within their respective jurisdictions.'" *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C § 2241(a)).

The Court denied his motion to amend because Petitioner's custodian, the person capable of effecting his release, is the warden of FCI Danbury, who is within the jurisdiction of the United States District Court for the District of Connecticut. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). Because this Court lacks jurisdiction under § 2241 to hear the claims in Petitioner's motion to amend, and because Petitioner consents to transfer of his new claims to his district of confinement, (ECF No. 23, at 2), the Court will transfer his motion to amend, (ECF No. 12), to the District of Connecticut, as a *new* § 2241 petition.

THEREFORE, IT IS on this   2nd   day of July 2020,

**ORDERED** that the Clerk of the Court shall REOPEN this matter for consideration of Petitioner's latest submissions; and it is further

**ORDERED** that the Petition, (ECF No. 1), is DENIED; and it is further

**ORDERED** that Petitioner's motion for reconsideration, (ECF No. 23), is GRANTED IN PART; and it is further

**ORDERED** that the Clerk of the Court shall transfer Petitioner's motion to amend to the United States District Court for the District of Connecticut, (ECF No. 12), as a new § 2241 petition, along with a copy of this Opinion and Order for informational purposes only; and it is further

**ORDERED** that the Clerk shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail and CLOSE this case.

      s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge