UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL NORWOOD | : | Civil No. 3:20-cv-919 (MPS) |
| v. | : | |
| D.K. WILLIAMS | : | September 9, 2020 |

**RESPONDENT'S OPPOSITION TO DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS**

In 1997, petitioner Michael Norwood was sentenced to a lengthy term in federal prison after using a gun to rob a bank and commit a carjacking. Among other charges, he was convicted under the Armed Career Criminal Act, or "ACCA," which enhances the sentence for a convicted felon who possesses a firearm and has at least three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). Norwood had two prior federal bank robbery convictions, as well as a New York conviction for attempted aggravated assault on a peace officer.

In this petition under 28 U.S.C. § 2241, Norwood argues that his ACCA sentence is invalid under two Supreme Court cases, *Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). *Johnson* invalidated a portion of ACCA's definition of "violent felony" often referred to as the "residual clause," and *Welch* held that *Johnson* was retroactive to cases on collateral review. Norwood contends that his conviction for attempted aggravated assault on a peace officer cannot qualify as a violent felony under the residual clause because of *Johnson* and *Welch*, and also does not qualify under the still-valid portions of ACCA that *Johnson* did not unsettle.

Norwood is not entitled to the relief he seeks. To begin, because he is challenging the validity of his sentence, he is required to proceed under 28 U.S.C. § 2255—not § 2241—unless he can satisfy the § 2255(e) "savings clause." This provision permits resort to § 2241 for a prisoner

- 1 -

who (1) could not have raised his claim earlier, and (2) can show actual innocence. *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997). Norwood cannot satisfy either requirement, so the Court should dismiss his petition.

In any case, Norwood's petition fails on the merits. He argues that his conviction for attempted aggravated assault on a peace officer is not categorically a violent felony under the portion of the ACCA definition that survived *Johnson*. But the Second Circuit has held otherwise. This Court should not reach the merits, but if it does, it should dismiss Norwood's petition on that ground.

## BACKGROUND

### A. Offense Conduct and Conviction

On April 12, 1996, Norwood walked into the Amboy National Bank in Old Bridge, New Jersey. He was carrying a handgun. He brandished the gun at tellers and demanded money, leaving with more than $15,000. *United States v. Norwood*, 566 F. App'x 123, 124 (3d Cir. 2014).

Norwood then approached a motorist. He held a gun to the man's head and demanded that he surrender his car. *Id.*; 1997 Sentencing Tr. 44–45, No. 1:96-cr-232 (D.N.J.) (attached as Exhibit A). The man complied, and Norwood drove away, but police later apprehended him. *Norwood*, 566 F. App'x at 124.

A federal grand jury in the District of New Jersey indicted Norwood on counts of bank robbery, armed bank robbery, carjacking, and use of a firearm in relation to a crime of violence (two counts). *See* Superseding Indictment, No. 1:96-cr-232 (D.N.J.) (attached as Exhibit B). In addition—and most pertinent here—the grand jury charged Norwood with one count of possession of a firearm by an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (the Armed Career Criminal Act, or "ACCA").

The § 924(e) charge was predicated on Norwood's violent criminal past. Ordinarily, a felon-in-possession charge under § 922(g)(1) carries no mandatory minimum penalty and a statutory maximum of ten years. *See* 18 U.S.C. § 924(a)(2). But a § 922(g)(1) defendant who has three previous convictions for a "violent felony" or "serious drug offense"—*i.e.*, an armed career criminal—faces a mandatory minimum of fifteen years and a maximum term of life. 18 U.S.C. § 924(e). Norwood had two prior federal convictions for bank robbery. *See* Ex. B at 6. In addition, he had a prior New York conviction for attempted aggravated assault on a peace officer, in violation of N.Y. Penal Law 120.11. *Id.* Norwood committed that offense in September 1980, when—after robbing a bank in Danbury, Connecticut and fleeing by car into New York—he and his accomplices fired multiple gunshots at a pursuing police officer. *Id.*; *see* Ex. A at 37–38.

Norwood stood trial on all six counts of the indictment. After a mistrial at which the jury was unable to reach a verdict, Norwood was tried again and convicted on all counts. Order 1, ECF No. 3; *see Norwood*, 566 F. App'x at 124. The district court imposed the following concurrent sentences: 240 months for bank robbery (Count One); 300 months for armed bank robbery (Count Two); 180 months for carjacking (Count Four); and life in prison for possession of a firearm by an armed career criminal (Count Six). The court also imposed consecutive sentences of 60 months and 240 months for use of a firearm in relation to crimes of violence (Counts 3 and 5). That yielded an aggregate sentence of life plus 25 years. Ex. A at 47. The court also ordered approximately $19,000 in restitution. *Id.* The Third Circuit affirmed. *United States v. Norwood*, 142 F.3d 430 (3d Cir. 1998).

### B. Norwood's First, Second, and Third § 2255 Motions

Over the last two decades, Norwood has filed a number of motions challenging various aspects of his convictions and sentence. In 1999, he sought relief under 28 U.S.C. § 2255 on the

ground that the district court had incorrectly calculated his offense level on the count of possession of a firearm by an armed career criminal. *See* 1999 Sentencing Tr. 4, No. 1:96-cr-232 (D.N.J.) (attached as Exhibit C). The court granted relief, vacated the life sentence imposed on that count, and imposed a new sentence of 327 months, leaving the sentences on the other counts untouched. *See id.* at 12–13.

Norwood filed a second § 2255 petition in 2006 and a third in 2010. *See Norwood*, 566 F. App'x at 124–125. The district court dismissed both as second or successive. *See Norwood v. United States*, 472 F. App'x 113, 115–16 (3d Cir. 2012). In 2012, the Third Circuit concluded that the district court had been wrong to do so, and that Norwood had a valid claim that his convictions for both bank robbery and armed bank robbery violated the Double Jeopardy Clause. *See id.* On remand, the district court dismissed Count One of the indictment and amended its judgment, but without holding a formal resentencing hearing. *See Norwood*, 566 F. App'x at 125. The Government confessed error on appeal. *Id.*

In June 2013, Norwood was resentenced yet again. This time, the district court imposed concurrent sentences of 200 months on Count Two, 180 months on Count Four, and 200 months on Count Six, as well as consecutive sentences of 60 months on Count Three and 240 months on Count Five, for an aggregate sentence of 500 months. 2013 Sentencing Tr. 25–26, No. 1:96-cr-232 (D.N.J.) (attached as Exhibit D). The amended judgment of conviction contained the same restitution obligation originally imposed. Amended Judgment, No. 1:96-cr-232 (RBK) (D.N.J.), ECF No. 171.

### C. *Johnson*, *Welch*, and Norwood's Fourth § 2255 Motion

In April 2015, Norwood filed a fourth § 2255 motion. This filing challenged Government trial evidence in the form of testimony from a forensic analyst. *See* Motion Under 28 U.S.C. §

2255, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 1. The Government argued that the motion should be denied as second or successive, but the district court concluded that—because of Norwood's intervening resentencing—the motion should be treated as a first attack on the amended judgment. *See* Opinion 9–10, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 17.

While Norwood's motion was pending, the Supreme Court decided two cases potentially pertinent to his sentence. In the first, *Johnson v. United States*, 576 U.S. 591 (2015), the Court addressed the definition of "violent felony" under ACCA. That definition read:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The *Johnson* Court held that the "residual clause" of this definition—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—was void for vagueness. 576 U.S. at 593–94, 597. In the second case, *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* established a substantive rule that was retroactive to cases on collateral review. 136 S. Ct. at 1265. Together, *Johnson* and *Welch* provided a potential source of relief to federal prisoners whose sentences had been enhanced under ACCA, including prisoners who had already filed one or more § 2255 motions. *See, e.g.*, *Brunstorff v. United States*, No. 3:16-cv-912 (MPS), 2017 WL 5906611, at *4 (D. Conn. Nov. 30, 2017) ("Relying on *2015 Johnson* and *Welch*, . . . Mr. Brunstorff filed his second Section 2255 petition . . . . [T]he Second Circuit granted Mr. Brunstorff leave to file a successive petition in light of the Supreme Court's decisions in *2015 Johnson* and *Welch*, determining that Mr.

Brunstorff had made a prima facie showing that he had satisfied the requirements for successive habeas petitions set forth in Section 2255(h)(2)."); *see* 28 U.S.C. § 2255(h)(2).

In June 2016, some two months after *Welch*, Norwood moved to amend his pending § 2255 motion by adding a claim that his ACCA sentence should be vacated. According to Norwood, his convictions for bank robbery and attempted aggravated assault on a peace officer could no longer qualify as predicate "violent felonies" under the invalidated residual clause, and they also did not qualify under the still-valid "elements clause" (which provides that a felony qualifies if it "has as an element the use, attempted use, or threatened use of physical force against the person of another"). *See* Motion for Leave to Amend, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 37; Motion to Correct Omission in Motion for Leave to Amend, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 38. The Government (while denying that Norwood's *Johnson* claim had substantive merit) did not oppose his motion, *see* Gov't Response, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 40, and the district court granted leave to amend. *See* Order ¶ 8, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 42.

But Norwood had a change of heart. Two weeks after the district court permitted him to amend, he moved to withdrew his motion. *See* Motion to Withdraw Motion for Leave to Amend, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 44. The district court allowed him to do so, noting that Norwood was "free to abandon" his *Johnson* claim "if he so chooses." Order ¶ 6, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 46. Norwood proceeded with his claim challenging the Government's forensic evidence at trial, and in November 2016 the district court denied his motion. *See* Order, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 50. The Third Circuit declined to issue a certificate of appealability. *See* Order of USCA, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 53.

Two years later, Norwood had a second change of heart. He moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), contending that he should be permitted to litigate his *Johnson* claim. Norwood argued that he had not been counseled when he withdrew the claim, and accordingly had not understood that abandoning the claim would mean that he was procedurally barred from raising it in the future. *See* Motion for Relief from Judgment 1–2, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 54.

The district court denied the motion. Norwood, the court explained, had deliberately withdrawn his motion. And he had done so despite receiving, when he first filed his § 2255 action, a notice advising him that he must include in his motion all grounds for relief, or risk being "barred from presenting additional grounds at a later date." Opinion 5, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 59. The court also observed that Norwood had declared under penalty of perjury that he had received this notice and understood it. *Id.* Accordingly, because Norwood "knew or should have known about the consequences of withdrawing his ACCA claim, and because that withdrawal was a deliberate choice," the court refused to revisit the claim two years after the fact. *Id.*

### D. Norwood's § 2241 Petition

In September 2017, Norwood—who is incarcerated at the Federal Correctional Institution in Danbury—filed a petition in the District of Connecticut seeking a writ of habeas corpus under 28 U.S.C. § 2241. *See* Petition for Writ of Habeas Corpus, ECF No. 1. He contended that his obligation to pay restitution had lapsed because more than twenty years had passed since the court first ordered restitution in 1997. *See id.* at 7. This Court determined that because Norwood was not challenging his physical confinement in this District, and because proceedings concerning restitution were pending in the District of New Jersey, the action should be transferred to that venue. *See* Order, ECF No. 3.

Norwood's restitution challenges proceeded in the District of New Jersey. But in the meantime, he moved to amend his petition to add a *Johnson* claim—the claim he had asserted and withdrawn in 2016, and tried unsuccessfully to reinstate two years later. *See* Motion to Amend Petition, ECF No. 12. In his motion, Norwood argued that his prior conviction for attempted aggravated assault on a peace officer cannot support his ACCA sentence under the residual clause and does not qualify as a "violent felony" under the elements clause. *Id.* at 3. According to Norwood, the "savings clause" of 28 U.S.C. § 2255(e) permits him to bring this claim under § 2241. *See id.*; 28 U.S.C. § 2255(e).

The District Court for the District of New Jersey concluded that Norwood's new claim seeks release from custody, and accordingly must be asserted in the District where he is incarcerated—this one. Opinion and Order 2, ECF No. 24. The court transferred his motion to amend to this District as a new § 2241 petition. On July 9, 2020, this Court ordered the Respondent to respond to Norwood's *Johnson* claim.[1]

**ARGUMENT**

Norwood's petition should be dismissed because the Court lacks jurisdiction to decide its merits. As a matter of district court jurisdiction, a prisoner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255, not § 2241. The "savings clause" of § 2255(e) creates a narrow exception to this rule, but only for prisoners who (1) could not have raised their claims earlier, and (2) can show actual innocence. Mr. Norwood cannot satisfy either requirement. He could have raised (and did raise) his *Johnson* claim in a § 2255 motion after *Welch* was decided in 2016. And in the ACCA context, a claim that the sentencing court misclassified a predicate offense as a violent felony—as opposed to a claim that the prisoner was

---

[1] Norwood's restitution claims remain live in the District of New Jersey, but they are not part of this action. *See* Order, ECF No. 34 (severing restitution issues).

- 8 -

factually innocent of a predicate offense—is not a claim of "actual innocence," as the case law uses the term. The Court should dismiss the petition for lack of jurisdiction.

Although the Court need not (indeed, may not) reach the issue, Norwood's petition also fails on the merits. He argues that his 1980 New York conviction for attempted aggravated assault on a peace officer is not categorically a violent felony under ACCA's still-valid elements clause. But binding Second Circuit precedent says the contrary. If the Court reaches the merits, it should deny Norwood's petition.

### A. The Court lacks jurisdiction to reach the merits of Norwood's petition because he cannot satisfy the requirements of § 2255(e) savings clause.

A federal prisoner who wishes to challenge the validity of his conviction or sentence may seek relief under 28 U.S.C. § 2255. A § 2255 motion must be directed to the sentencing court, 28 U.S.C. § 2255(a), and is subject to a host of congressionally imposed procedural strictures. For example, § 2255 imposes a one-year limitations period, as well as significant restrictions on second or successive motions, which

> must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(f), (h). These requirements are exacting by design. They protect society's interest in the finality of criminal convictions by "mak[ing] it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). And they conserve "scarce judicial resources" by encouraging inmates

to pursue all available collateral claims in a single, prompt motion. *Robinson v. United States*, 95-cv-107772 (JGK), 1999 WL 156000, at *2 (S.D.N.Y. Mar. 22, 1999).

By contrast, a petition under 28 U.S.C. § 2241—which lacks § 2255's explicit procedural limitations—"generally challenges the *execution* of a federal prisoner's sentence," rather than its validity. *Streater v. Quintana*, No. 3:16-cv-76 (MPS), 2016 WL 4443144, at *2 (D. Conn. Aug. 18, 2016) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). A prisoner may direct a § 2241 petition to such matters as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Id.* (quoting *Jiminian*, 245 F.3d at 146). But "as a general rule," a prisoner challenging the validity of his conviction or sentence may not invoke § 2241, and instead is limited to § 2255 and its attendant constraints. *Id.*

Section 2255 itself creates a narrow exception to this rule. The so-called "savings clause" of § 2255(e) permits resort to § 2241 if a prisoner can show that § 2255 is "inadequate or ineffective to test the legality of his detention." The savings clause applies only in "those relatively few cases 'in which a petitioner cannot, for whatever reason, utilize section 2255, and in which the failure to allow for collateral review would raise serious constitutional questions.'" *Id.* (quoting *Triestman v. United States*, 124 F.3d 361, 377–78 (2d Cir. 1997)). "Thus, the exception is available only in cases involving prisoners 'who can prove actual innocence on the existing record—and who could not have effectively raised their claims of innocence at an earlier time.'" *Id.* (quoting *Triestman*, 124 F.3d at 363) (internal alterations omitted). As this standard makes clear, a prisoner's § 2255 remedy is not "inadequate or ineffective" merely because he "might not be able to meet the procedural requirements set forth under 28 U.S.C. § 2255(e), (f), or (h)," *id.*, provided the claim he seeks to raise "was previously available . . . in a prior § 2255 motion." *Jiminian*, 245 F.3d at

147–48.  A § 2241 petition that attacks the validity of a conviction or sentence but does not satisfy the savings clause must be dismissed for want of jurisdiction.  *Streater*, 2016 WL 4443144, at *3.

Norwood is challenging the validity of his ACCA sentence under *Johnson*.  *See* Motion to Amend Petition 1–3, ECF No. 12.  He argues that he may proceed under § 2241 using the savings clause, but he is doubly incorrect.  First, he had an opportunity to (and did) raise his claim after *Welch* came down in 2016.  And second, he cannot prove actual innocence.

**1. Norwood could have raised his claim under § 2255 at an earlier time.**

When a petitioner invokes § 2241 to press a claim that "could have been pursued earlier," jurisdictional dismissal should follow.  *Cephas v. Nash*, 328 F.3d 98, 105 (2d Cir. 2003).  It is irrelevant if such a petitioner *currently* "cannot meet the AEDPA's gate-keeping requirements," and thus would be unable to obtain relief under § 2255.  *Jiminian*, 245 F.3d at 147–48.  That makes sense.  Were the rule otherwise, the narrow exception of the savings clause would swallow the whole set of § 2255's carefully crafted procedural constraints.

Norwood states in conclusory fashion that the savings clause applies, but he has "not alleged facts suggesting that he could not have raised his claim . . . in a previous section 2255 motion."  *Streater*, 2016 WL 4443144, at *3.  And, of course, he cannot allege any such thing, because he *did* raise his claim in a previous § 2255 motion.  Shortly after *Welch* was decided, Norwood (without opposition from the Government) amended his pending § 2255 motion to assert his *Johnson* claim.  *See* Motion for Leave to Amend, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 37; Motion to Correct Omission in Motion for Leave to Amend, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 38; Order ¶ 8, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 42 (granting leave to amend).  The fact that he later withdrew it—despite being advised, and acknowledging, that failing to bring the claim could bar its later assertion—does not mean that he could not have pursued the claim in

2016. *See* Opinion 5, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 59. He could have, and briefly did.

Of course, § 2255 relief is not available to Norwood today—among other potential obstacles, his claim is barred by the statute of limitations and the bar on second or successive petitions. *See* 28 U.S.C. § 2255(f), (h). But that changes nothing. The question is whether he could have pressed his claim under § 2255 earlier, not whether he can press it now. *Jiminian*, 245 F.3d at 147–48.

Norwood cannot show the inadequacy or ineffectiveness of § 2255. For that reason alone, the Court should dismiss his petition.

**2. Norwood cannot prove actual innocence.**

At any rate—although the Court need not reach the issue—Norwood cannot prove actual innocence. Actual innocence means "factual innocence," as opposed to "legal innocence." *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004). Put otherwise, it means that, as a factual matter, "the defendant did not commit the crime." *Williams v. United States*, 117 F. App'x 132, 133 (2d Cir. 2004).

At least three federal courts of appeals have concluded that, in the context of ACCA's sentence-enhancing scheme, "actual innocence applies . . . only where the challenge to eligibility [as an armed career criminal] stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). That is because the argument that a defendant's "prior convictions should not be counted under the ACCA" is not an argument that "he is actually innocent of a crime." *United States v. Nazareta*, 676 F. App'x 748, 749 (10th Cir. 2017). It is instead a challenge to the legal effect of a crime of which the defendant was factually guilty. *See Williams v. Warden*, 713 F.3d

1332, 1346 (11th Cir. 2013) ("Williams is not asserting that he is 'actually innocent' of either his possession of a firearm offense or his underlying burglary offenses, nor could he. Rather, he is asserting only *legal* innocence: that his burglary convictions should not have been considered violent felonies under the ACCA."); *Arend v. United States*, 17-cv-6018, 2017 WL 2224132, at *2 (W.D.N.Y. May 22, 2017) (rejecting *Johnson* claim because "a claim that underlying convictions were improperly classified as violent felonies is a legal argument that is insufficient to establish actual innocence"); *but see Wiggan v. United States*, 3:15-cv-447 (SRU), 2016 WL 4179838, at *9 (D. Conn. Aug. 5, 2016) (suggesting, in dicta, that the petitioner "[a]rguably" could show actual innocence because his prior convictions were "not qualifying felonies under the ACCA," but declining to reach the issue).

The Second Circuit has agreed with the reasoning of the Fourth, Tenth, and Eleventh Circuits, albeit in a non-precedential, non-ACCA case.[2] The career offender Guideline set out at U.S.S.G. § 4B1.1 functions similarly to ACCA: It calls for an enhanced Guidelines range for certain crimes if the defendant has at least two prior felony convictions for a crime of violence or controlled substance offense. In *Darby v. United States*, 508 F. App'x 69 (2d Cir. 2013), the petitioner had been sentenced under that Guideline. 508 F. App'x at 70–71. He filed an untimely § 2255 motion, arguing that his tardiness should be excused because a prior North Carolina drug conviction did not qualify as a "controlled substance offense," making him "'actually innocent' of the career offender enhancement.'" *Id.* at 71.

The Court disagreed. Noting that the actual innocence exception "is concerned with actual as compared to legal innocence," the Court reasoned that the petitioner was making "an essentially legal argument." *Id.* at 71 (internal quotation marks omitted). He was "indisputably guilty of the

---

[2] That Court has noted that the issue has not been definitively settled in the ACCA context. *See Rivera v. United States*, 716 F.3d 685, 687 n.3 (2d Cir. 2013).

predicate offense[ ]"; his only complaint was that "the district court misclassified" it under the career offender Guideline. *Id.* That "claim of 'legal innocence'" was insufficient. *Id.*

So too here. Norwood does not argue that he did not commit the relevant predicate offense—as in *Darby*, he "indisputably" did. *Id.* Instead—just like the *Darby* petitioner—he challenges the legal effect of his conviction by contending that the crime does not qualify as a violent felony. Under *Darby*, that "essentially legal argument" cannot support an actual innocence claim. *Id.*

For this reason, too, Norwood cannot invoke the savings clause. The Court accordingly should dismiss his petition.

**B. The petition fails on the merits.**

The Court lacks jurisdiction to reach the merits of Norwood's petition. But even if that were not so, his petition would fail. The conviction he challenges—a 1980 New York conviction for attempted aggravated assault on a peace officer—is categorically a violent felony under ACCA's elements clause.[3]

As explained, in the 2015 *Johnson* decision, the Supreme Court invalided ACCA's residual clause as unconstitutionally vague. But *Johnson* did "not call into question application of [ACCA] to the four enumerated offenses, or the remainder of [ACCA's] definition of a violent felony." *Johnson*, 576 U.S. at 606. Accordingly, felonies that have "as an element the use, attempted use, or threatened use of physical force against the person of another" still qualify as violent felonies under ACCA's elements clause. 18 U.S.C. § 924(e)(2)(B)(i). "For purposes of the elements

---

[3] The Respondent has attempted to obtain all pertinent documents from the District of New Jersey to determine whether the sentencing court originally relied on the residual clause, as opposed to the elements clause, in concluding that Norwood's offense was a violent felony. Its efforts have been hampered by the age of Norwood's conviction. Based on the materials obtained to date, it is not clear what clause the district court on. *Cf. Belk v. United States*, 743 F. App'x 481, 482 n.4 (2d Cir. 2018) (permitting *Johnson* claim to proceed under § 2255 when "it [was] unclear from the record whether [the defendant's] sentence was enhanced pursuant to the ACCA's residual clause").

clause," "physical force" means "force capable of causing physical pain or injury to another person." *Villanueva v. United States*, 893 F.3d 123, 127 (2d Cir. 2018) (internal quotation marks omitted). In determining whether a state felony qualifies, courts "apply a 'categorical approach,'" looking only to "the statutory definitions—*i.e.*, the elements—of the offense, and not to the particular underlying facts."[4] *United States v. Thrower*, 914 F.3d 770, 774 (2d Cir. 2019) (internal quotation marks omitted).

Norwood was convicted under N.Y. Penal Law § 120.11 for attempted aggravated assault on a peace officer. At the time of his conduct, in September 1980, § 120.11 provided:

> A person is guilty of aggravated assault upon a peace officer when, with intent to cause serious physical injury to a person whom he knows or reasonably should know to be a peace officer engaged in the course of performing his official duties, he causes such injury by means of a deadly weapon when such weapon is a firearm.

1980 N.Y. Sess. L. Ch. 233, § 6 (attached as Exhibit E). In turn:

- New York law defined "serious physical injury" as "physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y. Penal Law § 10(10), 1965 N.Y. Sess. L. Ch. 1030, § 10(9) (attached as Exhibit F).

- New York law provided that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y. Penal Law § 110, 1965 N.Y. Sess. L. Ch. 1030, § 110 (attached as Exhibit G).

Norwood's conviction qualifies as a violent felony under indistinguishable binding precedent. In *United States v. Walker*, 442 F.3d 787 (2d Cir. 2006), the Second Circuit considered

---

[4] For so-called "divisible" statutes—*i.e.*, statutes that "list elements in the alternative, and thereby define multiple crimes"—courts may apply the "modified categorical approach," which involves examining a limited class of documents to determine "what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). In this case, the pertinent statute is straightforwardly non-divisible, so the modified categorical approach does not apply.

whether the defendant's conviction for attempted assault in the second degree, in violation of N.Y. Penal Law § 120.05(2), was a violent felony under the elements clause. The pertinent statute provided that a defendant was guilty of assault in the second degree if, with "intent to cause physical injury to another person," he "causes such injury to such person or to a third person by means of a deadly weapon or dangerous instrument." *Id.* at 788 (quoting N.Y. Penal Law § 102.05(2)).

The Court had no trouble concluding that the offense qualified. "[C]ategorically, [the defendant's] conviction involved an attempt to cause physical injury by means of a deadly weapon or dangerous instrument." *Id.* "To (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term." *Id.*

That analysis applies with equal force here—indeed, Norwood's offense is even more clearly a violent felony than the offense in *Walker*. Each offense required proof that the defendant intended and attempted to cause physical injury. But the crime of attempted aggravated assault on a peace officer, unlike the crime of attempted assault in the second degree, required intent and attempt to cause not just physical injury, but *serious* physical injury. *Compare* 1980 N.Y. Sess. L. Ch. 233, § 6 (Ex. E) *with* N.Y. Penal Law § 120.05(2). And Norwood's offense required use of not just any "deadly weapon or dangerous instrument," but a firearm specifically. *Compare* 1980 N.Y. Sess. L. Ch. 233, § 6 (Ex. E) *with* N.Y. Penal Law § 120.05(2).

The Second Circuit's *Walker* decision preceded the Supreme Court's 2010 decision in *Johnson v. United States*, 559 U.S. 133 ("*2010 Johnson*"), which clarified the degree of force required for an offense to qualify under the elements clause. *See* 559 U.S. at 140–42. But the Second Circuit has since confirmed—repeatedly—that *Walker* remains "controlling law" after

*2010 Johnson*. *United States v. Rios*, 717 F. App'x 18, 20 (2d Cir. 2017); *Brunstorff v. United States*, 754 F. App'x 48, 49–50 (2d Cir. 2019); *United States v. Tabb*, 949 F.3d 81, 86 (2d Cir. 2020). It controls here, and forecloses Norwood's claim.

Norwood's contrary arguments are uniformly unconvincing. First, he argues that his offense falls outside the elements clause because it was merely an attempt offense, and "ACCA does not specifically include attempts to commit a violent felony in the definition of a violent felony." Motion to Amend Petition ¶ 8, ECF No. 12. This argument misunderstands federal law, state law, and the way the two interact.

Under federal law, ACCA *does* specifically include attempts in its definition of "violent felony." The elements clause embraces any felony that "has as an element the . . . attempted use . . . of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). ACCA thus expressly incorporates attempts to commit violent felonies.

New York attempt law is a comfortable categorical fit within ACCA's definition—the state's attempt statute is "more stringent" than the "substantial step" test that applies in federal cases. *Thrower*, 914 F.3d at 776–77 (internal quotation marks omitted). In New York, "an attempt requires that the action taken by an accused be 'so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference.'" *Id.* (quoting *People v. Rizzo*, 246 N.Y. 334, 337 (1927)). "Where a statue requires that a person be so dangerously near" to committing aggravated assault on a peace officer that "in all reasonable probability" he "would have completed" the crime "but for interference, the statute categorically requires that a person take a substantial step toward the use of physical force." *Id.* (internal quotation marks omitted). That is why *Walker*—an attempt case that, as explained, is binding on this Court—came out as it did. *See Walker*, 442 F.3d at 788 ("To (attempt to) cause physical injury

by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use physical force, on any reasonable interpretation of that term . . . ." (internal quotation marks omitted)). Norwood's first argument thus runs headlong into settled precedent.

So does his second. Norwood argues that the Third Circuit has held that Pennsylvania's attempted aggravated assault statute is not an ACCA predicate. Motion to Amend Petition ¶ 9, ECF No. 12; *see United States v. Mayo*, 901 F.3d 218 (3d Cir. 2018). Given *Walker*, the Third Circuit's decision would be irrelevant even if the Pennsylvania statute materially resembled the one under which Norwood was convicted. But it does not. As the court explained in *Mayo*, Pennsylvania courts interpret that statute to impose criminal liability for nonfeasance, like failing to provide someone with food or medical care. 901 F.3d at 227. The Third Circuit did not regard such acts as entailing physical force. *Id.* at 227–28. But nonfeasance of that kind would decidedly not support liability under Norwood's statute of conviction, which required proof that he attempted to cause serious physical injury to a peace officer using a firearm. 1980 N.Y. Sess. L. Ch. 233, § 6 (Ex. E). *Mayo* itself endorsed just this distinction, observing that a different Pennsylvania aggravated assault statute, which required an attempt to injure another with a "deadly weapon," *did* necessarily involve the attempted use of physical force and thus qualified under the elements clause. 901 F.3d at 229.

In sum, Norwood's offense of conviction was categorically a violent felony under the elements clause. This Court should not reach the merits of his claim, but if it does, it should deny his petition.

## CONCLUSION

For the reasons given above, the Court should dismiss the petition for want of jurisdiction.

Should the Court conclude that it has jurisdiction, it should deny the petition on the merits.

    Respectfully submitted,

    JOHN H. DURHAM
    UNITED STATES ATTORNEY

    /s/ Conor Reardon
    CONOR REARDON
    ASSISTANT U.S. ATTORNEY
    Federal Bar No. phv10431
    157 Church Street, 25th Floor
    New Haven, CT 06510
    Tel.:    (203) 821-3700
    Email: conor.reardon@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that on September 9, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

    /s/ Conor Reardon
Conor Reardon
ASSISTANT U.S. ATTORNEY
Fed Bar No. phv10431
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: (203) 821-3700
Fax: (203) 773-5378
conor.reardon@usdoj.gov