UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL NORWOOD,
    Petitioner,

v.

D.K. WILLIAMS,
    Respondent.

Civil No. 3:20-cv-919(CM)

SEP 17 2020 PM 12:27
FILED-USDC-CT-HARTFORD

## PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Michael Norwood, pro se, hereby responds by way of Reply to the respondent's opposition to his habeas petition, as follows:

1. The respondent argues that the court lacks jurisdiction over this petition. (Opp. at p. 9-11). Not so. In transferring the matter to this

-1-

District, the District Court in New Jersey found that proper jurisdiction lies here because the petitioner is confined in Connecticut. A fact acknowledged by the respondent at page 8 of its Opposition.

2. Next, the respondent argues that the petition should be dismissed because the petitioner's claim "could have been pursued earlier". (Opp. at p. 11-12). Petitioner's claim that his sentence exceeds the statutory maximum authorized by law can never be procedurally forfeited for any reason, even if it could have been raised earlier. See United States v. Marin, 961 F2d 493, 498 (4th Cir. 1992); United States v. Johnston, 2017 U.S. Dist. LEXIS 122973 (W.D. Va.); and United States v. Cornette, 932 3d. 204 (4th Cir. 2019).

-2-

3. Next, the respondent argues "Norwood cannot prove actual innocence" (Opp. at 12-14). No where in his petition does the petitioner argue actual innocence. What he does argue is that the savings clause of 28 U.S.C. Section 2255(e) allows him to proceed via 28 U.S.C. Section 2241, despite any prior waiver, where he was sentenced beyond the statutory maximum for the 18 U.S.C. Section 922(g) conviction. See <u>Marin</u>, <u>Johnston</u>, and <u>Corvette</u>, <u>Id.</u>, respectively.

4. Finally, the respondent argues that "the petition fails on the merits" (Opp. at p. 14-19). Specifically, the respondent argues that the petitioner's New York conviction for attempted aggravated assault upon a peace officer

-3-

is categorically a violent felony under [the Armed Career Criminal Act's] elements clause". (Opp. at p. 14). Not so. In James v. United States, 550 U.S. 197, 198 (2007), the Supreme Court found that attempts to commit a violent felony do not fall under the elements clause of the ACCA because the ACCA does not specifically include attempts to commit a violent felony in the definition of a violent felony; hence, the petitioner's conviction for attempted aggravated assault upon a peace officer falls only under the residual clause, which has been declared unconstitutionally vague by Johnson v. United States, 576 U.S. 591 (2015). See United States v. Thompson, 14 U.S. Dist. LEXIS 167896, at footnote 12 (E.D. PA, Filed Dec. 4, 2014).

-4-

## CONCLUSION

The petition should be granted and this case should be scheduled for a virtual re-sentencing via video-conferencing, pursuant to the CARES Act of 2020.

Black Lives Matter,

*Michael Norwood*
MICHAEL NORWOOD, Pro Se
33½ Pembroke Road
Danbury, CT 06811

Dated: September 14, 2020

## PROOF OF SERVICE

This is to certify that a copy of the foregoing Petitioner's Reply to Respondent's Opposition to Petition for Writ of Habeas Corpus has been mailed to Conor Reardon, AUSA, 157 Church Street, New Haven, CT 06510, this 14th day of September, 2020, via First Class Mail.

*Michael Norwood*
Michael Norwood