UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL NORWOOD, | : |
|     Petitioner, | : |
| | : |
| v. | :   3:20CV919 (MPS) |
| | : |
| D.K WILLIAMS, | : |
|     Respondent. | : |

## ORDER OF DISMISSAL

Petitioner Michael Norwood, an inmate at FCI Danbury, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. [ECF Nos. 1, 12]. In 1997, Petitioner was convicted of bank robbery, armed bank robbery, carjacking, two counts of use of a firearm in relation to a crime of violence (in violation of 18 U.S.C. § 924(c)), and possession of a firearm by an armed career criminal. *United States v. Norwood*, No. 20-2422, 2021 WL 274508, at *1 (3d Cir. Jan. 27, 2021). The Armed Career Criminal Act ("ACCA") enhances the sentence for a convicted felon who possesses a firearm and has at least three prior convictions for a "violent felony" or "serious drug offense." *See* 18 U.S.C. § 924(e)(1).

Petitioner claims that one of his three supporting ACCA convictions – a conviction for attempted aggravated assault on a peace officer – cannot qualify under ACCA's definition of a "violent felony" as it was left standing after *Johnson v. United States*, 576 U.S. 591 (2015), which found part of the definition known as the "residual clause" to be unconstitutionally vague.[1] [ECF No. 12 at ¶ 8]; *see Welch v. United States*, 136 S. Ct. 1257 (2016) (holding *Johnson* applied retroactively on collateral review).

---

[1] The relevant ACCA provision, 18 U.S.C. § 924(e)(2)(B), reads:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of

Respondent argues that the Court lacks jurisdiction to hear Petitioner's challenge under 28 U.S.C. § 2241, because he is attacking the validity of his sentence and such an attack must be brought under 28 U.S.C. § 2255. Although there is a "savings clause" in 28 U.S.C. § 2255(e) that permits Section 2241 to be used for a narrow category of challenges to a conviction or sentence, Respondent maintains that Petitioner cannot satisfy the requirements of the savings clause under Section 2255(e). ECF No. 36. Respondent also argues that, even if there were jurisdiction, the petition would fail on the merits.

I. **Background**

This case has a long procedural history. On May 30, 1997, U.S. District Court for the District of New Jersey sentenced Petitioner to a term of life plus twenty-five years, followed by five years of supervised release and ordered the petitioner to pay $19,562.87 in restitution and a special assessment of $300.00. *See Norwood v. Williams*, No. 3:17CV1636 (MPS), 2018 WL 340022, at *1 (D. Conn. Jan. 9, 2018) (transferring Petitioner's challenge to restitution to district court in New Jersey). Specifically, the district court imposed the following concurrent sentences: 240 months for bank robbery (Count One); 300 months for armed bank robbery (Count Two); 180 months for carjacking (Count Four); life in prison for possession of a firearm by an armed career criminal (Count Six); and consecutive sentences of 60 months and 240 months for use of a firearm in relation to crimes of violence (Counts 3 and 5). Resp.'s ex. A, Sentencing Transcript at 47. On February 10, 1998, the Court of Appeals for the Third Circuit affirmed the conviction and sentence. *United States v. Norwood*, 142 F.3d 430 (3rd Cir. 1998) (unpublished opinion)).

---

explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

The italicized portion is the residual clause that was struck down in *Johnson*.

.

Petitioner had two prior federal convictions for bank robbery and a prior New York conviction for attempted aggravated assault on a peace officer in violation of New York Penal Law 120.11, from September 1980, when he and his accomplices fired multiple gunshots at a pursuing police officer while they were fleeing after robbing a bank. See Resp.'s ex. B, Superseding Indictment; Resp.'s ex. A, Transcript at 37–38.

Petitioner has filed numerous challenges to his convictions and sentences. In his first section 2255 Petition, he sought relief on the ground that the district court had incorrectly calculated his offense level on the count of possession of a firearm by an armed career criminal. *See Norwood v. United States*, No. CV 15-2996 (RBK), 2016 WL 6963035, at *1 (D.N.J. Nov. 28, 2016). The district court granted relief, vacated the life sentence imposed on that count, and imposed a new sentence of 327 months, leaving the sentences on the other counts intact. *See id.*, Resp.'s ex. C, Sentencing Transcript at 12–13.

Petitioner filed a second section 2255 petition in 2006 and a third in 2010, both of which were dismissed by the district court as second or successive petitions. *See Norwood*, No. CV 15-2996 (RBK), 2016 WL 6963035, at *1; *Norwood v. United States*, 472 F. App'x 113, 115–17 (3d Cir. 2012).

In 2012, the Third Circuit concluded that the district court had erred, and that Petitioner had a valid claim that his convictions for both bank robbery and armed bank robbery violated the Double Jeopardy Clause. *See id.* at 115-118. On remand, the district court amended its judgment, but it did not hold a formal resentencing hearing. *See United States v. Norwood*, 566 F. App'x 123, 125 (3d Cir. 2014). On appeal, the Government conceded that Petitioner was entitled to a *de novo* resentencing hearing. *Id.*

In June 2013, Petitioner was resentenced to concurrent sentences of 200 months on Count Two, 180 months on Count Four, and 200 months on Count Six, as well as consecutive sentences of 60 months on Count Three and 240 months on Count Five, for an aggregate sentence of 500 months. Resp.'s ex. D, Sentencing Transcript 25–26.

In April 2015, Petitioner filed a fourth section 2255 motion, which challenged trial evidence in the form of testimony from a forensic analyst. *See Norwood*, No. CV 15-2996 (RBK), 2016 WL 6963035, at *2-*3. The Government argued that the motion should be denied as a successive motion, but the district court concluded that—because of Petitioner's intervening resentencing—the motion should be treated as a first attack on the amended judgment. See Order on Mot. to Dismiss at 9-10. No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 17.

During the pendency of that motion, the United States Supreme Court decided both *Johnson* and *Welch*, which afforded federal prisoners whose sentences had been enhanced under ACCA the potential to challenge their sentences even if they had filed one or more section 2255 motions. *See, e.g., Brunstorff v. United States*, No. 3:16-cv-912 (MPS), 2017 WL 5906611, at *4 (D. Conn. Nov. 30, 2017) (noting "the Second Circuit granted Mr. Brunstorff leave to file a successive petition in light of the Supreme Court's decisions in 2015 *Johnson* and *Welch*, determining that Mr. Brunstorff had made a prima facie showing that he had satisfied the requirements for successive habeas petitions set forth in Section 2255(h)(2).").

In June 2016, Petitioner moved to amend his pending § 2255 motion by adding a claim that "that three of his convictions were unconstitutional under *Johnson,* 135 S. Ct. 2551 (2015)*,* and that his New York state conviction for attempted aggravated assault on a police officer was not a qualifying predicate offense under [ACCA], also in light of *Johnson.*" *See Norwood v. United States,* No. CV 15-2996 (RBK), 2019 WL 2429573, at *1 (D.N.J. June 11,

4

2019), *certificate of appealability denied*, 2019 WL 11663715 (3d Cir. Dec. 19, 2019). The Government did not object to the motion and the district court granted leave to amend. *Id.*

Shortly thereafter, Petitioner moved to withdraw his *Johnson* related claims. *Id.* The district court granted his motion. *Id.* In November 2016, the district court denied his motion challenging the Government's forensic trial evidence. *See Norwood*, No. CV 15-2996 (RBK), 2016 WL 6963035, at *5. The Third Circuit declined to issue a certificate of appealability. See USCA Order, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 53.

Two years later, Petitioner moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), contending that he should be permitted to litigate his *Johnson* claim. Petitioner argued that he had not been counseled when he withdrew the claim and therefore, he had not understood that abandoning the claim would mean that he was procedurally barred from raising it in the future. *See* Motion for Relief from Judgment at 1–2, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 54. The district court rejected Petitioner's arguments, noting that Petitioner had deliberately withdrawn his motion despite having received notice when he initially filed his case advising him that he must include in his motion all grounds for relief, or risk being "barred from presenting additional grounds at a later date." Opinion at 5, No. 1:15-cv-2996 (RBK) (D.N.J.), ECF No. 59. The district court observed that Norwood had declared under penalty of perjury that he had received this notice and understood it. *Id.* Thus, the district court concluded that Rule 60 relief was not warranted because Petitioner "knew or should have known about the consequences of withdrawing his ACCA claim[.]" *Id.*

In September 2017, Petitioner—who is incarcerated at the Federal Correctional Institution in Danbury—filed a petition in the District of Connecticut seeking a writ of habeas corpus under 28 U.S.C. § 2241. *Norwood*, No. 3:17CV1636 (MPS), 2018 WL 340022, at *1;

Because the petition challenged his restitution order, this Court transferred the case to the District of New Jersey, the sentencing court. *Id.* at *3.

After transfer to the District of New Jersey, Petitioner moved to amend his petition to add a claim under *Johnson*. *See* ECF No. 12. The District Court for the District of New Jersey concluded that Petitioner's *Johnson* claim must be asserted in the District where he is incarcerated as it seeks release from custody. *See* [ECF No. 24]. The court ordered transfer of Petitioner's motion to amend to this District as a new § 2241 petition. *Id.*

On July 9, 2020, this Court ordered the Respondent to respond to Norwood's Johnson claim. [ECF No. 31]. Respondent has filed a response, and Petitioner has filed a reply thereto. [ECF Nos. 36, 37].

## II.   DISCUSSION

Petitioner argues that his prior conviction for attempted aggravated assault on a peace officer cannot support his ACCA sentence under the residual clause in light of *Johnson* and does not otherwise qualify as a "violent felony" under the statute. [ECF No. 12 at ¶¶ 8-9]. According to Norwood, the "savings clause" of 28 U.S.C. § 2255(e) permits him to bring this claim under § 2241. See *id.*; 28 U.S.C. § 2255(e). *Id.* at ¶ 10.

### A.  Saving Clause Under Section 2255(e)

A prisoner in custody under the sentence of a federal court who seeks to lodge a collateral attack upon the validity of his conviction or sentence may file a motion in the sentencing court under 28 U.S.C. § 2255; *Dioguardi v. United States,* 587 F.2d 572, 573 (2d Cir. 1978) ("A motion under section 2255 must ... be directed to the sentence as it was imposed, not to the manner in which it is being executed."). Section 2255 imposes a one-year limitations period, as well as significant restrictions on second or successive motions. *See* 28 U.S.C. § 2255(f), (h).

6

A petition brought under 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence. 28 U.S.C. § 2241, *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003).[2]

Petitioner is challenging the validity of his conviction and sentence, which is covered by section 2255. In certain circumstances, however, a federal prisoner may bring such a challenge under section 2241 if the prisoner can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e);[3] *Cephas*, 328 F.3d a 104; *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997). This remedy "preserve[s] habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). Section 2255 is considered "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

A prisoner's section 2255 remedy is not "inadequate or ineffective" merely because he "might not be able to meet the procedural requirements set forth under 28 U.S.C. § 2255(e), (f), or (h) for filing a section 2255 motion." *Streater v. Quintana*, No. 3:16-cv-76 (MPS), 2016 WL 4443144, at *2 (D. Conn. Aug. 18, 2016) citing *Jiminian v. Nash*, 245 F.3d 144, 147-8 (2d Cir. 2001) (holding that "§ 2255 is not inadequate or ineffective ... simply because a prisoner cannot

---

[2] Although a federal prisoner must ordinarily file a motion under section 2255 in the sentencing court, petitions under section 2241 must be filed in the court embracing the district of the prisoner's confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

[3] Section 2255(e), the savings clause, provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion."). A § 2241 petition that attacks the validity of a conviction or sentence but does not satisfy the savings clause must be dismissed for want of jurisdiction. *See Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (explaining that savings clause articulates jurisdictional requirement); *Streater*, 2016 WL 4443144, at *3.

Here, Petitioner cannot satisfy the requirements of section 2255(e)'s savings clause and thus cannot proceed with this section 2241 petition.

To establish actual innocence, Norwood must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotations and citations omitted). A petitioner must "state a colorable basis for [his] claim" that the trial evidence was insufficient to support his conviction on a correct understanding of the law. *Cephas*, 328 F.3d at 108. Thus, the court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Coleman v. Johnson*, 566 U.S. 650, 654 (2012) (per curiam) (emphasis in original) (internal quotation marks omitted).

In his reply, Petitioner makes no argument that the trial evidence was insufficient to support his conviction. Instead, he asserts he was sentenced beyond the statutory maximum for his Section 922(g) conviction. [ECF No. 37 at 3]. The "actual innocence" doctrine recognized in certain habeas contexts is "narrow" and typically "concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992) (citation omitted). To show actual innocence, Petitioner must show that he is innocent of the predicate offense rather than showing

8

that his prior convictions should not have been considered violent felonies. *See Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (in Sentencing Guidelines case, explaining that defendant's "essentially legal argument that he is innocent of the [career offender] sentencing enhancement because the district court misclassified his predicate offenses ... is insufficient to trigger the actual innocence exception"); *see also Salvagno v. Williams*, No. 3:17-CV-2059 (MPS), 2019 WL 109337, at *8 (D. Conn. Jan. 4, 2019) (noting Petitioner's claim that he was actually innocent of the conduct that formed the basis of a sentencing enhancement "raises none of the concerns that prompted the Second Circuit to carve out the [actual innocence] exception to Congressionally imposed limits on habeas jurisdiction[.]"). Thus, Petitioner cannot show that he is actually innocent as required to satisfy the savings clause of Section 2255(e).

Moreover, Petitioner had an opportunity to pursue his *Johnson* claim asserted in this Petition after the District of New Jersey granted his leave to amend. *See Norwood,* No. CV 15-2996 (RBK), 2019 WL 2429573, at *1. Petitioner first made and then withdrew that claim. Thus, he could have effectively pursued his *Johnson* claim at that earlier time. *See Jiminian*, 245 F.3d at 147–48 (noting Petitioner's claim was previously available and thus failure to permit review does not raise "serious constitutional questions.").

As Petitioner cannot satisfy the requirements of the savings clause, the Court lacks jurisdiction over the petition.

## ORDER

For the foregoing reasons, the petition under 28 U.S.C. § 2241 (ECF No. 12) is DISMISSED for lack of jurisdiction. Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

> _____/s/_____
> Michael P. Shea
> United States District Judge

**SO ORDERED** this 15th day of February 2021, at Hartford, Connecticut.